UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHIMERE BROWN,** on behalf of herself and others similarly situated**,**

      Plaintiffs,           Case No.:

vs.

**AERO GROUNDTEK LLC,**
a Foreign Limited Liability Company, **THOMAS GROVER BRACKETT,** individually, and **DEREK SIMON, individually,**

      Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, CHIMERE BROWN, on her own behalf and on behalf of similarly situated persons, (collectively "Plaintiffs"), by and through their undersigned counsel, and hereby files this Complaint against the Defendants, AERO GROUNDTEK LLC, a Foreign Limited Liability Company, THOMAS GROVER BRACKETT, individually, and DEREK SIMON, individually, (collectively "Defendants"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendants violated the unpaid overtime wages and record keeping requirements of the FLSA. Plaintiffs seek unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every hourly paid "Crew Members" who were/are subject to the same unpaid overtime wage violations.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

2. This action is intended to include all "hourly paid Crew Member workers" who worked for the Defendant at any time within the past three (3) years (2022-2025).

## VENUE

3. Venue is proper in this Court because the actions giving rise to this suit occurred in Orange County, Florida.

## PARTIES

4. Plaintiff, CHIMERE BROWN, worked as a "Crew Member" for Defendants in Florida.

5. The acts and omissions giving rise to this action occurred in Orlando, Florida.

6. Defendant, AERO GROUNDTEK LLC, conducts business in Orange County, Florida.

7. Defendant THOMAS GROVER BRACKETT is listed as the CEO of Defendants AERO GROUNDTEK LLC and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of AERO GROUNDTEK LLC. By virtue of having regularly exercised that authority on behalf of AERO GROUNDTEK LLC, THOMAS GROVER BRACKETT (individual) is an employer as defined by 29 U.S.C. § 201, et seq.

8. Defendant DEREK SIMON is listed as the CFO of Defendants AERO GROUNDTEK LLC and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of AERO GROUNDTEK LLC. By virtue of having regularly exercised that authority on behalf of AERO GROUNDTEK LLC, DEREK SIMON (individual) is an employer as defined by 29 U.S.C. § 201, et seq.

## FLSA ENTERPRISE COVERAGE

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

10. At all times material hereto, Defendants were the "employer" within the meaning of the FLSA.

11. At all material times (2022-2025), Defendants were and are an enterprise covered by the FLSA pursuant 29 U.S.C. § 203.

12. At all material times, Defendants were an employer subject to the FLSA's provision on overtime wages.

13. At all material times (2022-2025), Defendants were an employer engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce (i.e. mechanical equipment, telephones, computers, pens, and paper), or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as construction and building equipment and tools which previously travelled through commerce on a daily basis.

15. At all material times, Defendants had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

16. Defendants employed Plaintiff in the last three (3) years.

17. Plaintiff worked in the state of Florida without being paid at least the time and a half minimum hourly wage for all hours worked over forty (40) per week.

18. Defendants controlled and/or was responsible for the work of Plaintiff.

19. Plaintiff did a specific job for Defendants.

20. Defendants improperly paid Plaintiff for hours worked over forty (40) per week.

## FACTUAL ALLEGATIONS

21. Plaintiff worked for Defendants from approximately May 2022 through November 2023.

22. Plaintiff worked as a "Crew Member"

23. Plaintiff was responsible for servicing clients of Defendant.

24. Defendants paid Plaintiff an hourly wage of $15.00.

25. Plaintiff was a full-time employee and typically worked 50 hours or more per week.

26. Plaintiff was eligible to be paid overtime pay at time and one half of her regular hourly rate.

27. However, Defendants did not calculate Plaintiff's overtime rate correctly.

28. Specifically, Defendants failed to pay Plaintiff her one and one half

5

her regular rate of pay for all hours worked over 40 worked per week.

29. Therefore, Defendants paid Plaintiff overtime pay incorrectly.

30. Plaintiff is owed overtime wages.

31. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and those similarly situated are in the possession and custody of Defendants.

32. Defendants failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA were willful and/or reckless.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff and the class members performed the same or similar job duties as one another in that they were employed as "Crew Members" and provided the same or similar services for Defendants.

34. Plaintiff and the class members were all paid by the hour.

35. Plaintiff and the class members frequently worked more than forty (40) hours in a workweek during the last three years.

36. Further, Plaintiff and the class members were subject to the same pay provisions in that they were not compensated at time and one half their regular rate of pay for all hours worked in excess of 40 hours in a work week.

37. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

38. Defendants' failure to compensate employees properly for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendants' failure to properly account for all time worked by Plaintiff.

39. This policy or practice was applicable to Plaintiff and the class members.

40. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the improper payment of overtime to Plaintiff apply to all class members.

41. Accordingly, the class members are properly defined as:

> **All hourly paid Crew Members who worked more than forty hours per week for Defendant within the last three years.**

42. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

43. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## VERSUS AERO GROUNDTEK LLC

44. Plaintiffs reincorporates and readopts all allegations contained within Paragraphs 1 through 43 above.

45. Plaintiffs regularly worked in excess of forty (40) hours per week.

46. Plaintiffs were not properly compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for the hours they worked in excess of forty (40) hours each workweek.

47. Plaintiffs were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

48. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

49. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs for overtime for all hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

50. Defendant failed to properly disclose or apprise Plaintiffs' rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

53. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

54. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, demands judgment against Defendant, AERO GROUNDTEK LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – VIOLATIONS OF THE FLSA VERSUS THOMAS GROVER BRACKETT, INDIVIDUALLY

55. Plaintiffs hereby incorporate paragraphs 1-43 above by reference as if fully set forth herein.

56. Defendant, THOMAS GROVER BRACKETT, is the Chief Executive Officer of the Defendants, AERO GROUNDTEK LLC.

57. Defendant, THOMAS GROVER BRACKETT, is an acting manager who acted with direct control over the work, pay, and job duties of the Plaintiff and the class members.

58. Defendant, THOMAS GROVER BRACKETT, supervised and controlled Plaintiff and the class members' work schedule or conditions of employment.

59. Defendant, THOMAS GROVER BRACKETT, determined Plaintiff and the class members' rate and method of payment.

60. Defendant, THOMAS GROVER BRACKETT, maintained employment records.

61. As such, Defendant, THOMAS GROVER BRACKETT, is charged with responsibility for violations of Plaintiff and the class member's rights to overtime, the illegal tip pool, and the resulting damages.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, THOMAS GROVER BRACKETT, for the payment of all overtime hours at one and one half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and

costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT IV – VIOLATIONS OF THE FLSA VERSUS DEREK SIMON, INDIVIDUALLY

62. Plaintiffs hereby incorporate paragraphs 1-43 above by reference as if fully set forth herein.

63. Defendant, DEREK SIMON, is the Chief Financial Officer of the Defendants, AERO GROUNDTEK LLC.

64. Defendant, DEREK SIMON, is an acting manager who acted with direct control over the work, pay, and job duties of the Plaintiff and the class members.

65. Defendant, DEREK SIMON, supervised and controlled Plaintiff and the class members' work schedule or conditions of employment.

66. Defendant, DEREK SIMON, determined Plaintiff and the class members' rate and method of payment.

67. Defendant, DEREK SIMON, maintained employment records.

68. As such, Defendant, DEREK SIMON, is charged with responsibility for violations of Plaintiff and the class member's rights to overtime, the illegal tip pool, and the resulting damages.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, DEREK SIMON, for

the payment of all overtime hours at one and one half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

DATED this 13th day of August, 2025.

>Respectfully submitted,
>
>s/ Ryan J. Glover
>Ryan J. Glover, Esquire – LEAD COUNSEL
>FBN: 118226
>Carlos V. Leach, Esquire
>FBN: 540021
>THE LEACH FIRM, P.A.
>1560 N. Orange Ave., Suite 600
>Winter Park, FL 32789
>Telephone: (407) 574-4999
>Facsimile: (833) 813-7513
>Email: rglover@theleachfirm.com
>Email: cleach@theleachfirm.com
>
>***Attorneys for Plaintiff***